**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **YOLANDA KYEREMEH, *et al.*,** | : |
| | : **Case No. 2:17-CV-497** |
| **Plaintiffs,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : |
| | : **Magistrate Judge Jolson** |
| **v.** | : |
| | : |
| **JEFFERSON B. SESSIONS, III, *et al.*,** | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter comes before the Court on Plaintiffs' Motion for Attorney's Fees and Court Costs (ECF No. 21). For the reasons set forth below, Plaintiff's Motion is **DENIED and DISMISSED WITHOUT PREJUDICE.**

## I.     BACKGROUND

This matter involves a challenge to the denial of the I-130, Petition for Alien Relative, which Plaintiff Yolanda Kyeremeh, a natural-born United States citizen, filed on behalf of her husband, Plaintiff Aning Kyeremeh. Mr. Kyeremeh has had three marriages prior to his marriage to Mrs. Yolanda Kyeremeh. Prior to marrying Mrs. Kyeremeh, Mr. Kyeremeh was married to Ms. Amber Gilliam. Ms. Gilliam filed an I-30 petition on behalf of Mr. Kyeremeh. (ECF No. 1 at ¶ 49). Due to inconsistencies found in Mr. Kyeremeh's and Ms. Gilliam's December 20, 2011 interviews, on February 28, 2012, the United States Citizenship and Immigration Services ("USCIS") issued a "Notice of Intent to Deny Petition for Alien Relative" (*Id.* at ¶¶ 50-51). Ms. Gilliam and Mr. Kyeremeh then provided affidavits explaining the issues identified by USCIS, but USCIS found they failed to overcome the doubts regarding the legitimacy of their marriage

and denied the petition on March 28, 2012. (*Id.* at ¶¶ 52-53). The decision was appealed, but the couple divorced before the Board of Immigration Appeals ("BIA") affirmed. (*Id.* at ¶ 55).

Mr. and Mrs. Kyeremeh married on December 24, 2012. (*Id.* at ¶ 8). Mrs. Kyeremeh filed for an I-30 on March 29, 2013. (*Id.* at ¶ 57). The couple was interviewed in June of 2014, and their testimony and documents appeared to support the couple shared a life together. (ECF No. 1 Ex. 1). However, Mrs. Kyeremeh's petition was denied on October 15, 2014, on the basis that there was "substantive and probative evidence of [Mr. Kyeremeh's] attempt to obtain a benefit through a fraudulent marriage to Ms. Gilliam," and that, as such, the petition could not be approved pursuant to 8 U.S.C. § 1154(c). (ECF No. 1 at ¶ 60). Mrs. Kyeremeh appealed, and the BIA remanded with instructions for the USCIS to more fully address the evidence. (*Id.* at ¶ 73). USCIS issued a Notice of Intent to Deny on December 21, 2015 and a final decision on January 25, 2016. BIA affirmed on September 12, 2016. (*Id.* at ¶ 82).

Mr. and Mrs. Kyeremeh filed their complaint with this Court on June 9, 2017 alleging that USCIS's decision violated the Administrative Procedure Act ("APA") because the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," that the decision was "contrary to constitutional right, power, privilege, or immunity," that the Kyeremehs were denied due process, and that the decision was barred by res judicata. (ECF No. 1). Plaintiffs filed a Motion for Summary Judgement on May 16, 2018 on the issue of whether the USCIS decision violated the APA and whether the USCIS erred in finding substantial evidence of fraud. (ECF No. 11).

This Court issued an Opinion and Order granting Plaintiffs' Motion for Summary Judgement and reversed and remanded the decision of USCIS. This Court found that an agency decision can only be set aside if it is "arbitrary, capricious, an abuse of discretion or otherwise

not in accordance with law." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006)(citing 5 U.S.C. § 706(2)(A)). Under arbitrary and capricious review, "the BIA must provide analysis beyond 'cursory, summary, or conclusory statements.'" *Guts v. Lynch*, 623 F. App'x 304, 306 (6th Cir. 2015) (quoting *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir. 2004)). USCIS only stated that "the documentary evidence provided is of little probative value in refuting the conclusion that Ms. Gilliam and the beneficiary's marriage was a sham" and that "such documents are easily fabricated." (ECF No. 6-3). This Court held that this explanation is conclusory and renders the USCIS's decision arbitrary and capricious. Thus, the case was remanded to USCIS for additional consideration of the Kyeremeh's documentary evidence.

Following the decision of the Court, the Kyeremeh's filed a motion for Attorney's Fees and court costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA") in the amount of $5,575.00 as well as their court costs in the amount of $400.00.

## II.     ANALYSIS

Plaintiffs submitted a motion for attorneys' fees under 28 U.S.C. § 2412(d)(1), which authorizes the payment of attorney's fees and other expenses to the prevailing party in a civil action. The issue between the parties on this motion is whether the Plaintiffs should be considered a prevailing party under the statute.

Plaintiffs assert that the granting of summary judgment is a form of relief rendering them the "successful party" in this action. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). However, Defendants claim that prevailing party status must be obtained by something more than "simply obtaining a remand for further proceedings before the proceedings before the agency from which [they] appealed." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing *Sullivan v. Hudson*, 490 U.S. 877,

887(1989)). Furthermore, Defendants argue that Plaintiffs failed to demonstrate that remand should be considered an enforceable judgement on the merits or court-ordered consent decree and that remand without affirmative instruction or requirement cannot fit into either of those categories.

In the present case, this Court remanded to USCIS for additional consideration of the Kyeremeh's documentary evidence. Even if Plaintiff were to interpret the "for additional consideration of the Kyeremeh's documentary evidence" language as an affirmative instruction, it must be noted that when a court remands for further proceedings it does not necessarily dictate the receipt of benefits. *Sullivan,* 490 U.S. at 886. Here, remand does not necessarily dictate the approval of the I-30 petition. There will be no final judgment in this action until the successful completion of the remand proceedings before the United States Citizenship and Immigration Services. As such, Plaintiff cannot attain prevailing party status until the result of these proceedings are known and, thus, cannot file a fee application until then.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Court Costs is **DENIED and DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**/s/ Algenon L. Marbley_____**
**Algenon L. Marbley**
**Chief United States District Judge**

**DATED: March 2, 2020**

4